UNITED STATES of America, ex rel. Wendy WHITCOMB, Plaintiffs,

v.

PHYSIOTHERAPY ASSOCIATES, INC. and Stryker Corporation, Defendants.

No. 2:03–CV–2728.

United States District Court, W.D. Tennessee, Western Division.

March 21, 2008.

John R. Newcomer, Jr., Tampa, FL, Stephen R. Leffler, Leffler Law Office, Kevin Patrick Whitmore, Terrell L. Harris, U.S. Attorney's Office, Memphis, TN, Arthur S. Di Dio, Commercial Litigation Branch, Washington, DC, for Plaintiffs.

Bruce A. Levy, Gibbons. P.C., Newark, NJ, David E. Goodman, Jr., J. Brook Lathram, Burch Porter & Johnson, Memphis, TN, Jonathan Lee Diesenhaus, Hogan & Hartson, LLP, Washington, DC, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BERNICE BOUIE DONALD, District Judge.

Before the Court is Defendants Physiotherapy Associates, Inc.'s (PA) and Stryker Corporation's (Stryker) Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (D.E.# 49.) On July 30, 2007,[1] Relator Wendy Whitcomb filed an Amended Complaint, in which she (1) restated her allegations that Defendants, in violation of the False Claims Act (FCA), 31

---

1. The parties cite November 12, 2007 as the date Relator filed her Amended Complaint. However, the docket shows July 30, 2007 as the date the Amended Complaint was filed.

U.S.C. §§ 3729, *et seq.,* knowingly submitted and/or conspired to submit false and fraudulent claims to federal health care programs, and (2) raised for the first time a claim under 31 U.S.C. § 3730(h) for retaliation. On November 1, 2007, the Court, in accordance with the parties' settlement agreement, dismissed certain claims Relator had asserted on behalf of herself and the Government. The Court retained jurisdiction as to Relator's retaliation claim. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND[2]

PA is the outpatient physical therapy division of Stryker. (Rel.'s Am. Compl. ¶ 11.) Relator was employed by PA beginning in January 2002 as a business manager at PA's Richardson, Texas facility. (*Id.* ¶ 9.) At PA, Relator was responsible for overseeing accounts receivable and supervising a staff. (*Id.* ¶ 23.) She also assisted in the operations of the nearby Plano, Texas location of PA. (*Id.*) Through the course of her employment, Relator learned that PA engaged in a practice of overbilling for physical therapy treatments, which resulted in overcharges to Medicare and Tricare. (*Id.* ¶¶ 24–28.)

Relator was required to submit a Medicare Credit Balance Report Certification at the end of each financial quarter to Medicare. (*Id.* ¶ 29.) The purpose of the report is to certify that the submitted provider is unaware of any over-payments that should be returned to Medicare. (*Id.*). Relator told her supervisor Kay Scott (Scott), Regional Business Manager, that approximately $57,000 of over-billing to Medicare from July–August 2002 should be included on the December 2002 report. (*Id.* ¶¶ 28–29.) However, Scott told Relator that PA wanted to refund this amount during the first quarter of 2003. (*Id.* ¶ 29.)

Relator reluctantly agreed to sign the December 2002 report without showing the overpayment. (*Id.*)

In January 2003, PA's Richardson and Plano clinics were audited by Mike Presnowski (Presnowski), an auditor from Stryker. (*Id.* ¶ 30.) During the course of the audit, Relator brought her concerns about PA's billing practices to Presnowski. (*Id.*) For a limited time thereafter, Presnowski continued a limited conversation with Relator as to her concerns. (*Id.*) However, neither Defendant ultimately took any action. (*Id.*)

When Relator was due to sign the March 2003 report, she tendered her resignation rather than sign a false certification. (*Id.* ¶ 31.) However, Carlyn Hokola (Hokola), Senior Business Manager, contacted Relator and offered to provide her with a letter absolving Relator of liability as to the report. (*Id.*) Subsequently, Ellen Curry (Curry), Vice–President of PA, reiterated this offer and also offered Relator a bonus in lieu of resignation. (*Id.*) Relator agreed to withdraw her resignation and signed the March 2003 certification. (*Id.*) However, when the June 2003 report was due, the letter had not arrived. (*Id.*) Hokola's assistant reassured Relator that the letter would arrive shortly. (*Id.*) Relator then signed the June 2003 certification. (*Id.*)

In August 2003, Relator had not received the letter or bonus, and was apprehensive about the September 2003 report. (*Id.* ¶ 32.) Due to her concerns about PA's billing practices and its lack of response to her complaints, Relator resigned from PA effective August 25, 2003. (*Id.* ¶ 32.)

Relator originally filed a qui tam action under seal on September 25, 2003 in which she alleged that Defendants violated the FCA by knowingly submitting false or

---

**2.** For the purposes of this motion, the Court accepts these facts as true.

fraudulent claims to Medicare and Tricare for physical therapy services. Plaintiff then filed her Amended Complaint on July 30, 2007 in which she added her retaliation claim under 31 U.S.C. § 3730(h). On July 31, 2007, the Government, Relator, and Defendants executed a settlement agreement wherein the Government agreed to intervene in the case as to certain claims and to dismiss the remaining counts. On November 1, 2007, the Court entered an order dismissing certain claims in accordance with the settlement agreement and partially lifting the seal. Relator's retaliation claim remains pending before the Court. Defendants filed their present Motion to Dismiss on January 15, 2008.

## II. LEGAL STANDARD

A defendant may bring a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e. g., Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To determine whether a motion to dismiss should be granted, the court must examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and it must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). While a complaint need not present detailed factual allegations, to be cognizable it must provide more than "labels and conclusions,

and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007); *see also Scheid,* 859 F.2d at 436–37. A complaint must have a factual foundation, and the mere possibility "that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a 12(b)(6) challenge. *Twombly,* 127 S.Ct. at 1968 (internal quotation marks and brackets omitted).

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827 ("Rule 12(b)(6) does not countenance [ ] dismissals based on a judge's disbelief of a complaint's factual allegations."); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, only well-pleaded facts must be taken as true, and the court need not accept legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). When a complaint does adequately state a claim, it may not be dismissed based on the court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly,* 127 S.Ct. at 1969

## III. ANALYSIS

■ "Section 3730(h) of the FCA prohibits retaliation against employees engaged in the protected activity of investigating possible fraud against the United States government." *McKenzie v. BellSouth Telecomm., Inc.,* 219 F.3d 508, 510 (6th Cir.2000). In support of her retalia-

tion claim, Relator contends that: (1) when she reported PA's over-billing to Scott, Scott began to verbally abuse and harass Relator; (2) PA pressured her to sign false certifications and conceal its wrongful behavior, and each time she protested, PA's harassment and discrimination intensified; (3) PA failed to respond to e-mails she sent to PA's president and vice-president describing PA's fraudulent activities and harassment; (4) PA deprived her of quarterly bonuses she was originally promised; and (5) she suffered stress-induced hypertension allegedly caused by PA's work conditions. (Rel.'s Am. Compl. at 18–19.) In their present motion, Defendants argue that Relator's retaliation claim should be dismissed with prejudice because: (1) it is barred by the applicable statute of limitations[3] and does not relate back to her original complaint; and/or (2) Relator's Amended Complaint fails to adequately allege the required elements for a retaliation claim pursuant to 31 U.S.C. § 3730(h).

■ First, the Court will address whether Relator's untimely retaliation claim relates back to her original complaint. Fed.R.Civ.P. 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim ... that arose out of conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading...." "The rule is based on the notion that once litigation involving particular conduct[,] ... transaction[,] or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of ... claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir.1999). Furthermore, the rule is liberally construed. *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 516 (6th Cir.2007). Courts consider a number of factors when determining whether a claim relates back to the original complaint. These include: (1) whether the defendant had notice of the allegations in the amended complaint, *id.*; (2) whether the amended complaint asserts completely different operative facts, *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 249 (6th Cir.2000); (3) whether there was undue delay in filing, *Moross Ltd. P'ship v. Fleckenstein Capital, Inc.*, 466 F.3d 508, 518–19 (6th Cir.2006); (4) whether there is bad faith by the moving party, *id.*; (5) whether there would be undue prejudice to the opposing party, *id.*; and (6) whether amendment would be futile, *id.*; *see generally Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973) (discussing factors). Courts particularly emphasize the notice and substantial prejudice elements. *Hageman*, 486 F.2d at 484.

In this case, relation-back is inappropriate for a number of reasons. First, Relator's original complaint fails to provide notice to Defendants of her retaliation claim. Her original complaint is devoid of any facts or allegations indicating Defendants harassed, discriminated, or took any adverse action against her for engaging in protected conduct. Although both complaints share factual allegations pertaining to PA's billing practices, this alone is insufficient to impart notice of Relator's retaliation claim on Defendants. Relator's

---

**3.** Relator does not appear to dispute that her retaliation claim is untimely under *Graham County Soil & Water Conservation District v. United States ex rel. Wilson*, 545 U.S. 409, 422, 125 S.Ct. 2444, 162 L.Ed.2d 390 (2005) (holding that because the FCA does not provide a statute of limitations for retaliation claims, courts should apply the most closely analogous state statute of limitations). Therefore, the Court will only address whether her claim relates back to her original complaint.

original complaint asserts that she brought her concerns about PA's billing practices to her supervisor and others. However, there is nothing to suggest that she suffered any adverse action as a result. Further, her original complaint states that she resigned due to apprehensions about PA's billing practices and its lack of response to her complaints (Rel.'s Compl. ¶ 32), and not because of any retaliatory conduct on the part of Defendants. Hence, "the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim....." 6A Charles A. Wright, et al., *Federal Practice and Procedure* § 1497, p. 79 (2d ed.1990). Next, although there is no evidence of bad faith, Relator fails to account for the undue delay in amending her complaint. Her original complaint was filed in September 2003, shortly after her resignation from PA. However, Relator did not file her Amended Complaint until July 2007, almost four years later.[4] Finally, this delay will also result in prejudice to Defendants since witnesses and evidence as to the alleged wrongdoing may be lost.

Therefore, the Court finds that Relator's retaliation claim pursuant to Section 3730(h) does not relate back to her original complaint and is thus time-barred by the applicable statute of limitations. Because the Court finds that Relator's claim is time-barred, it declines to address whether the allegations in her Amended Complaint establish a retaliation claim.

■ Defendants also request that the Court dismiss Relator's retaliation claim with prejudice. Specifically, Defendants argue that because Relator's claim falls

outside the statute of limitations, further amendment would be futile. Defendants also posit that Relator has already had sufficient opportunity to amend. In this case, the Court finds that dismissal with prejudice is appropriate as the claim is time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice.

**IT IS SO ORDERED.**

4. Relator initially informed Defendants that she would be pursuing a retaliation claim on June 18, 2007. (Defs.' Mot. to Dismiss 2.) Even assuming Defendants had notice of Re-

lator's claim in June 2007 rather than July 2007, the Court finds that the difference of one month is inconsequential.