NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5120

DIANE P. GILES,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Diane P. Giles, of Bombay, India, pro se.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Todd M. Hughes, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5120

DIANE P. GILES,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: March 13, 2007

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Diane P. Giles appeals an August 3, 2006, decision by the United States Court of Federal Claims ("Court of Federal Claims") dismissing her complaint for lack of subject matter jurisdiction. Giles v. United States, No. 06-0056C (Fed. Cl. Aug. 3, 2006). Because the Court of Federal Claims correctly concluded that it did not have subject matter jurisdiction over Ms. Giles's complaint, we affirm.

## I. BACKGROUND

Ms. Giles was employed as an auditor for the City of Los Angeles ("City") from March 1994 to September 1994. As part of her employment, Ms. Giles reviewed

invoices and supporting documentation submitted by contractors hired to remove debris following the 1994 Northridge, California earthquake.

On March 20, 1996, Ms. Giles filed a complaint in the United States District Court for the Central District of California ("District Court") alleging that, in the course of her work as an auditor, she discovered that debris removal contractors were submitting false claims, in violation of the False Claims Act, 31 U.S.C. § 3729. Ms. Giles contends that she alerted the City of the alleged fraud, but that her concerns were ignored. Ms. Giles also alleged that the Federal Emergency Management Agency reimbursed the City of Los Angeles for debris removal costs, but that the City later repaid a portion of these funds to the Federal Government. The United States declined to intervene in the District Court action.

On January 27, 2002, after protracted litigation, the District Court granted the defendants' motion for summary judgment, ruling that, while innocent mistakes or neglect may have occurred, Ms. Giles failed to make a showing that City employees knowingly presented false claims for payment. On April 17, 2002, the District Court denied, without prejudice, Ms. Giles's request for a portion of the money that the city returned to the Federal Government. The District Court stated that, if Ms. Giles were to prevail upon the merits of her qui tam action on appeal, she may be entitled to some payment pursuant to 31 U.S.C. § 3730(d)(2). However, on December 14, 2004, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's grant of summary judgment for the defendants.

On January 23, 2006, Ms. Giles filed a complaint in the Court of Federal Claims seeking a portion of the payments that the City returned to the Federal Government.

However, on August 3, 2006, the Court of Federal Claims dismissed Ms. Giles complaint for lack of subject matter jurisdiction, stating that her claim "falls squarely under section 3730," and that 31 U.S.C. § 3732(a) confers exclusive jurisdiction over such claims to the district courts. Ms. Giles appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

This court reviews judgments of the Court of Federal Claims to determine whether they are premised on clearly erroneous factual determinations or otherwise incorrect as a matter of law. Wheeler v. United States, 11 F.3d 156, 158 (Fed. Cir. 1993). We "review[] de novo whether the Court of Federal Claims possessed jurisdiction and whether the Court of Federal Claims properly dismissed for failure to state a claim upon which relief can be granted, as both are questions of law." Id.

On appeal, Ms. Giles contends that the Court of Federal Claims erred when it concluded that 31 U.S.C. § 3732(a) applies to administrative actions under 31 U.S.C. § 3730(c)(5) and collateral issues under § 3730(d)(1).

Section 3732(a) states, in relevant part, that "[a]ny action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred."

This court has construed this statute as conferring exclusive jurisdiction over qui tam claims upon the district courts. LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995) ("[Q]ui tam suits may only be heard in the district courts. 31 U.S.C.

§ 3732(a).").  Nonetheless, Ms. Giles contends that § 3732(a) only governs actions under §§ 3730(a) and (b).

In support, Ms. Giles relies on Graham County Soil & Water Conservation District v. United States, 545 U.S. 409, 417 (2005), in which the Supreme Court held that the six-year statute of limitation for "[a] civil action under section 3730," codified in 31 U.S.C. § 3731(b)(1), applies only to civil actions under §§ 3730(a) and (b).  In reaching this conclusion, the Supreme Court relied on the fact that § 3731(b)(1) was "ambiguous about whether 'action under section 3730' means all actions under § 3730, or only §§ 3730(a) and (b) actions."  Id. at 416.  In fact, the Supreme Court noted that another subsection of 3731 used the same unqualified phrase "'action brought under section 3730' to refer to only §§ 3730(a) and (b) actions."  Id. at 417-18.

Section 3732(a), however, does not suffer from the same ambiguity.  The statute, by its own terms, applies to "any action under section 3730."  31 U.S.C. § 3732(a) (emphasis added).  Nothing in § 3732 implies that "any action under section 3730" does not extend to all actions under § 3730.  In such a situation, "the plain and unambiguous meaning of a statute prevails in the absence of clearly expressed legislative intent to the contrary."  Transco Prods. Inc. v. Performance Contracting, Inc., 38 F.3d 551, 556 (Fed. Cir. 1994).  Accordingly, the Court of Federal Claims correctly concluded that § 3732(a) applies to all actions under § 3730, and not just §§ 3730(a) and (b).

Moreover, even if the Court of Federal Claims could exercise jurisdiction over Ms. Giles's claim against the Federal Government, for Ms. Giles to prevail she would have to establish that her claim was based on a valid qui tam claim.  However, we have consistently held that the Court of Federal Claims has no authority to make such a

determination.  See, e.g., LeBlanc, 50 F.3d at 1031 (For plaintiff to win "would require the court to determine that [plaintiff] had a valid qui tam suit under the False Claims Act. The Court of Federal Claims has no authority to make that determination . . . .").  As such, the Court of Federal Claims properly dismissed Ms. Giles's complaint.

## III. CONCLUSION

Because the Court of Federal Claims properly dismissed the complaint for lack of subject matter jurisdiction, we affirm.

No costs.