# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 09-6012

_____

| | | |
|---|---|---|
| In re: John Patrick Raynor, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Richard D. Myers, Trustee, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Court for the |
| | * | District of Nebraska |
| Maureen Raynor, | * | |
| | * | |
| Defendant – Appellant, | * | |
| | * | |
| John Patrick Raynor, | * | |
| | * | |
| Intervenor defendant – | * | |
| Appellant. | * | |

_____

Submitted: April 27, 2009
Filed: June 4, 2009

_____

Before KRESSEL, Chief Judge, SCHERMER and VENTERS, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Maureen Raynor and John P. Raynor appeal the bankruptcy court's[1] stipulated judgment order of March 9, 2009. Because we defer to the previous appellate decision of the district court[2] that the trustee's suit was not time-barred, we affirm.

**BACKGROUND**

John Patrick Raynor filed a voluntary chapter 11 bankruptcy petition on September 13, 2004. On June 2, 2005, the court granted John's motion to convert his case from chapter 11 to chapter 7. Richard D. Myers was appointed trustee. On September 13, 2006, the second anniversary of the filing of John's petition, Myers filed an adversary proceeding against John's wife, Maureen Raynor, seeking to avoid several transfers[3] of real property and marketable securities made by John to Maureen. On November 6, 2006, Maureen filed a motion to dismiss the trustee's suit as time-barred. On January 26, 2007, the court denied the motion. On February 5, 2007, Maureen filed a motion for reconsideration. The motion was denied on March 27, 2007.

Maureen brought an interlocutory appeal to the district court. The issue considered by the district court was whether the trustee's suit was time-barred under

---

[1] The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska.

[2] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

[3] The complaint included five counts: I, preferential transfers to or for the benefit of an insider within one year of date of bankruptcy petition (11 U.S.C. § 547); II, III and IV, avoidance and recovery of constructively fraudulent transfers (11 U.S.C. §§ 544, 548, 550, & 551 and § 36-705 of the Nebraska UFTA); and V, improper, unauthorized post-petition transfers.

11 U.S.C. § 546(a). On November 21, 2007, the district court affirmed[4] the bankruptcy court's orders denying Maureen's motions to dismiss and for reconsideration. The district court concluded that the adversary proceeding had been filed timely because "11 U.S.C. § 546(a) is not jurisdictional, the time-computation rules of Bankruptcy Rule 9006(a) apply, and calculation of the limitations period in 11 U.S.C. § 546(a) would begin on the day following the date the petition was filed—September 14, 2004—and end on the anniversary date of the petition filing—September 13, 2006." Maureen petitioned the Eighth Circuit Court of Appeals for writ of mandamus. Her petition was denied on January 4, 2008. Maureen then petitioned to the Supreme Court for a writ of certiorari, but the petition was denied on May 27, 2008.

John intervened[5] in the suit against Maureen and filed his own motion to dismiss the suit on June 30, 2008, on the basis that the trustee's pleadings "do not state with particularity the circumstances constituting fraud in violation of F. R. Civ. Pro. 9(b) ("Rule 9") (made applicable by F. R. Bankr. P. 7009)" and "are baseless and unsupportable allegations filed in violation of F. R. Bankr. P. 9011 (Rule 11")." On July 10, 2008, John withdrew his motion to dismiss and filed a motion to strike the trustee's pleadings pursuant to Bankruptcy Rules 7009 and 9011. John's motion to strike was denied on September 19, 2008.

On October 6, 2008, John filed another motion to dismiss on the basis that the trustee's motion was time-barred, arguing that there existed "New law stemming from the passage of the BAPCPA, the Bright Line Rule, which is determinative of this matter" and on the basis of "Authority of the Eighth Circuit Bankruptcy Appellant Panel, not previously considered by this Court which is determinative of this matter."

---

[4]     Myers v. Raynor (In re Raynor), No. 8:07CV151, 2007 U.S. Dist. LEXIS 86324 (D. Neb. Nov. 21, 2007).

[5]     John's standing is unclear to us, since the complaint seeks no relief against him.

3

On October 27, 2008, the bankruptcy court denied John's motion. The court addressed John's arguments but declined to reconsider its previous determination that the suit was not time-barred. The Raynors jointly appealed the October 27, 2008 order to the bankruptcy appellate panel. However, on December 4, 2008, we denied the Raynors' motion for leave to take an interlocutory appeal and dismissed the appeal. The Raynors filed a petition with the Eighth Circuit Court of Appeals for permission to appeal our October 27, 2008 order. On January 16, 2009, the Court of Appeals denied the Raynors' petition.

On March 9, 2009, the trustee and Maureen filed a stipulated judgment, settling the avoidance suit for $76,391.12. It stated that "no appeal of any issue will be taken except that the Defendant and Intervenor shall maintain the right to file an appeal to the Eighth Circuit Bankruptcy Appellate Panel ("BAP"), limited to the statute of limitations issue, and the Plaintiff shall maintain the right to argue that the decisions issued in the prior appeal on the statute of limitations issue should be controlling in this case." The stipulated judgment further provided, "Any party to this adversary may pursue such further appeal of the BAP's decision to the Eighth Circuit and/or the U.S. Supreme Court as may be permitted under controlling law" and that the judgment constituted "a final appealable order resolving claims that were or could have been brought in the above captioned adversary proceeding."

The Raynors appeal from the March 9, 2009 stipulated order. The sole issue on appeal is whether the complaint was time-barred.

## Standard of Review

"The issue of whether a suit is time-barred is a question of law . . . ." *McCord v. Minn. Mut. Life Ins. Co. (In re Minn. Mut. Life Ins. Co. Sales Practices Litig.)*, 346 F.3d 830, 835 (8th Cir. 2003). We review questions of law de novo. *DeBold v. Case,*

4

452 F.3d 756, 761 (8th Cir. 2006); *Green Tree Servicing, LLC v. Coleman (In re Coleman)*, 392 B.R. 767, 769 (B.A.P. 8th Cir. 2008).

## DISCUSSION

The order for relief in the Raynor case was entered on September 13, 2004. The trustee initiated the adversary proceeding against Maureen by filing a complaint on September 13, 2006. The Raynors argue that the trustee's suit against Maureen is time-barred by section 546 of the Bankruptcy Code, which provides:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--
>
> > (1) the later of--
> >
> > > (A) 2 years after the entry of the order for relief; or
> > >
> > > (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> >
> > (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). The Raynors maintain that September 12, 2004 was the last day the trustee could have timely filed his complaint. The trustee argues that the statute of limitations had not run until after September 13, 2004, so that a complaint filed on the anniversary date of the entry of the order for relief is timely.

5

**Under the Doctrine of Law of the Case, We Defer to the District Court's Determination that the Trustee's Suit was Timely.**

The sole issue appealed by the Raynors is whether the trustee's suit against Maureen is time-barred by 11 U.S.C. § 546(a). That precise issue was addressed by the bankruptcy court and the district court, and both courts concluded that the suit was not time-barred. The Raynors now hope for a different outcome on the same issue, and the trustee argues that the law of the case doctrine should operate to prevent the bankruptcy appellate panel from revisiting the issue previously decided by the district court.

The Raynors misunderstand the doctrine of law of the case, and argue that because a decision of a single district court in the Eighth Circuit is not binding precedent as to the bankruptcy appellate panel, this panel should not defer to the district court's earlier decisions. The issue of whether decisions of the district court are binding on the bankruptcy appellate panel is a separate and unrelated question from the one presented in the Raynors' appeal.

"Law of the case" is a policy of deference under which "a court should not reopen issues decided in earlier stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997); *see also Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.,* 807 F.2d 1433, 1438 (8th Cir. 1986) ("The law of the case doctrine applies to issues implicitly decided in earlier stages of the same case."). Although reviewing courts are not required to refrain from revisiting their own decisions "if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice," the doctrine of law of the case "prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Little Earth*, 807 F.2d at 1441; *see also Woods v. Kenan (In re Woods)*,

215 B.R. 623, 625 (B.A.P. 10th Cir. 1998) (where appellants in a bankruptcy case, who had previously appealed to the United States District Court, sought further review from a different order of the same issues, the bankruptcy appellate panel found "that the law of the case doctrine should be applied to limit our review to issues not previously decided by the District Court"); 5 Am. Jur. 2d, Appellate Review § 566 (2008) ("issues decided in earlier appellate stages of the same litigation should not be reopened, except by a higher court, absent some significant change in circumstances," so long as "there was a hearing on the merits and that there have been no material changes in the facts since the prior appeal").

The procedural history of the Raynors' appeal highlights the appellate choices afforded in bankruptcy cases in the Eighth Circuit. Aggrieved parties may appeal to either the district court or the bankruptcy appellate panel. 28 U.S.C. § 158(a). A party may not appeal a decision of the district court to the bankruptcy appellate panel or vice versa. Rather, after taking the intermediary appeal, the next court of review is the court of appeals. While a party electing to appeal to the district court may appeal a later bankruptcy court judgment to the bankruptcy appellate panel, we are not empowered to review decisions of the district court. The statute of limitations issue was fully examined by the district court, which ruled that the trustee initiated his adversary proceeding within the limitation period. We defer to the earlier decision of the district court and decline to revisit the issue of whether the trustee's suit was time-barred.

The policy considerations raised by a bankruptcy appellate panel's review of an issue previously decided in the same litigation by a district court are comparable to the policy considerations that the Supreme Court addressed in dictum in its *Christianson* decision. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988). In *Christianson*, the Court of Appeals for the Federal Circuit and the Court of Appeals for the Seventh Circuit had each disavowed jurisdiction over a particular

case and transferred the case to the other. The Court reasoned that the law of the case doctrine "applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Id*. at 816. The Court observed that although a "court has the power to revisit prior decisions of its own or of a coordinate court," "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id*. at 817 (quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983)). Not only would our review of an issue decided by the district court upset the settled expectations of parties and uniformity of decisions, but it would hamper the judicial efficiency of the bankruptcy appeals process.

**The District Court's Decision Is Not Clearly Erroneous and Does Not Result in Manifest Injustice**

The Raynors invoke the clearly erroneous and manifest injustice exceptions to the law of the case doctrine. Not only do we think the district court's decision is not clearly erroneous, we agree with the result reached by the district court.

There is really no need to resort to Rule 9006(a) or to consider whether § 546(a) is jurisdictional. Courts only look beyond the statute itself where the terms of the statute are ambiguous. "When we find the terms of a statute unambiguous, judicial inquiry is complete . . . ." *Rubin v. United States,* 449 U.S. 424, 430 (1981). Under 11 U.S.C. § 546(a), the specified avoidance actions "may not be commenced *after* the earlier of the later of 2 years *after* the entry of the order for relief . . . ." 11 U.S.C. § 546(a) (emphasis added). The language is inelegant, but it is unambiguously inclusive of the two-year anniversary of the entry of the order for relief. The trustee's complaint was timely so long as it was filed before midnight on the anniversary date of the entry of the order for relief. *See Callahan v. Moore (In re Gen. Creations, Inc.)*, 343 B.R. 548, 552 (Bankr. W.D. Va. 2006) (where order for relief was entered on July

8

22, 2003, "the statute of limitations set forth in 11 U.S.C. § 546(a)(1)(A) ended at midnight on July 22, 2005."); *In re Steck*, 298 B.R. 244, 249 (Bankr. D. N.J. 2003) (where the order for relief was entered on October 10, 2000, "the trustee had to commence an avoidance action *no later than* October 10, 2002") (emphasis added).

The statute clearly says that the last day to commence this proceeding was "2 years *after* the entry of the order for relief . . . ." 11 U.S.C. 564(a) (emphasis added). It seems clear to us that two years after September 13, 2004 is September 13, 2006, not September 12, 2006. If the Raynors' interpretation were correct, one day after a day would be the same day. Clearly this is both legally and grammatically nonsensical.

### Case Law Does Not Require a Different Result.

Finally, the Raynors argue that the district court's determinations must be reconsidered in light of 1) "New law stemming from the passage of the BAPCPA, the Bright Line Rule, which is determinative of this matter"; and 2) "Authority of the Eighth Circuit Bankruptcy Appellant Panel, not previously considered by this Court which is determinative of this matter." As to the first argument, this case was filed before BAPCPA's effective date, so any changes made by that statute do not apply. Besides, BAPCPA made no changes to the portion of § 546 at issue here. Although "the law of the case does not apply when an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong," the Raynors cannot avail themselves of that exception. *Morris v. Am. Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993). First, none of the cases cited by the Raynors were intervening. The decisions were all issued prior to the district court order. Second, the bankruptcy appellate panel is not superior to the district court. Third, the cases cited by the Raynors do not demonstrate that the district court's conclusions were wrong.

The *Graham County* case required the Supreme Court to reconcile two plausible constructions of a statute of limitations, but there is only one plausible construction of 11 U.S.C. § 546(a). *Graham County Soil & Water Conservation Dist. v. United States*, 545 U.S. 409, 419 (2005) ("where, as the case is here, there are two plausible constructions of a statute of limitations, we should adopt the construction that starts the time limit running when the cause of action . . . accrues."). The district court's conclusions are consistent with *Graham County*. Even if the *Graham County* rule of construction were applied to the time limitation in § 546(a), under the Raynors' theory, it would not change the outcome. Avoidance actions accrue when a debtor commences a case by filing a bankruptcy petition, which "constitutes an order for relief . . . ." 11 U.S.C. § 301(b). The avoidance actions therefore accrue on the same day as the order for relief is issued.

The Raynors also misread the *Bay Area Laundry* case, and have extrapolated a universal rule and urged its application in a manner that would be inconsistent with the plain meaning of § 546(a). *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192 (1997). In *Bay Area Laundry*, the Court construed a statute of limitations to avoid the absurd result that the limitations period might begin to run before a cause of action had ever accrued. The Court later wrote, "The question presented in *Bay Area Laundry* was whether a statute of limitations could commence to run on one day while the right to sue ripened on a *later* day. We answered that question, *and only that question*, 'no,' unless the statute indicates otherwise." *TRW Inc. v. Andrews*, 534 U.S. 19, 34 n. 6 (2001) (emphasis added). The *Bay Area Laundry* holding is consistent with the district court's conclusions.

The Raynors' reliance on the Eighth Circuit's *McCuskey* decision is similarly misplaced. *McCuskey v. Cent. Trailer Servs., Ltd.*, 37 F.3d 1329 (8th Cir. 1994). Because the sole issue considered by the *McCuskey* court was "whether the district court erred in concluding that the two-year statute of limitations started to run anew

when [the chapter 7 trustee] was appointed" following the conversion of the case from chapter 11, the court's holding is not instructive on the issue raised in the Raynors' appeal. *Id*. at 1330-31.

The Raynors rely heavily on our opinion in *Lee v. Nat'l Home Centrs., Inc. (In re Bodenstein)*, 253 B.R. 46 (B.A.P. 8th Cir. 2000). In *Bodenstein*, the issue was whether the statute of limitations under 11 U.S.C. § 546(a) was equitably tolled during the pendency of the debtors' chapter 13 case. Although the precise expiration of the limitation period was not related to the holding of that case, we stated, "The Debtors filed their petition on November 21, 1996 and the order for relief was entered that same day. In accordance with Section 547(a)(1)(A), the period of two years after the entry of the order for relief expired on November 21, 1998." *Id*. at 50. In that context, we understand the term "expire" to mean that the avoidance action could not have been brought later than November 21, 1998.

## CONCLUSION

We decline to revisit the issue of the timeliness of the trustee's complaint because that issue has already been decided by the district court. The bankruptcy court's March 9, 2009 order and judgment are affirmed.

---