12-3491-cv
Davis v. Norwalk Econ. Opportunity Now, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand thirteen.

PRESENT:   JON O. NEWMAN,
           REENA RAGGI,
           GERARD E. LYNCH,
                    *Circuit Judges*.
-----------------------------------------------------------------------
SUSAN DAVIS,
                    *Plaintiff-Appellant*,


                    v.                                   No. 12-3491-cv

NORWALK ECONOMIC OPPORTUNITY NOW, INC.,
                    *Defendant-Appellee*.
-----------------------------------------------------------------------


APPEARING FOR APPELLANT:        CHRISTOPHER N. PARLATO, DeSanto and Parlato, Guttenberg, New Jersey.

APPEARING FOR APPELLEE:         MICHAEL BAYONNE (Janine W. Hodgson, *on the brief*), Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., Bridgeport, Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 25, 2012, is AFFIRMED.

Susan Davis appeals from the dismissal of her complaint against her former employer Norwalk Economic Opportunity Now, Inc. ("Norwalk"), alleging retaliatory harassment, intimidation, and discharge in violation of the False Claims Act ("FCA"), see 31 U.S.C. § 3730(h), for reporting food stamp misappropriation by fellow employees. The district court dismissed Davis's complaint as duplicative of her pending Title VII action against Norwalk, which alleged that the same adverse employment actions were taken in retaliation for her complaints of race discrimination. See 42 U.S.C. § 2000e et seq. We review a district court's dismissal based on duplicative litigation for abuse of discretion. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Id. While the rule against duplicative litigation is distinct from claim preclusion, see id., the former analysis borrows from the latter to "assess whether the second suit raises issues that should have been brought in the first," id. at 139–40. Here, Davis asserts that the district court abused its discretion in dismissing her FCA complaint as duplicative of her Title VII complaint

2

because the two actions did not have identical facts, legal theories, and remedies. The argument fails because claim preclusion does not require that all aspects of the new and prior suits be identical but rather, focuses on whether the two claims arise from the same "nucleus of operative fact." Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000) (internal quotation marks omitted). To make this determination, a court properly considers "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." Id. (internal quotation marks omitted).

The record here shows that in both her FCA and Title VII complaints, Davis alleged that she reported co-worker misconduct to the same individuals, at the same time, and suffered the same adverse employment actions in retaliation for her complaints. In short, the facts alleged in the two complaints are not simply related in time, space and origin. They are nearly identical. Cf. Proctor v. LeClaire, 715 F.3d 402, 413 (2d Cir. 2013) (holding that claim preclusion did not bar prisoner's second due process complaint stemming from confinement in special housing unit where two actions focused on separate decisions made by different individuals at distinct times). Further, both actions share a common inquiry: whether Norwalk had a legitimate and lawful reason for taking the adverse employment actions of which Davis complains. Thus, the two suits would have formed a "convenient trial unit," and addressing the two causes of action in one litigation would have "conform[ed] to the parties' expectations." Waldman v. Vill. of Kiryas Joel, 207 F.3d at 108.

No different conclusion is warranted because the complaints allege different retaliatory motives consistent with the distinct legal theories of the FCA and Title VII. See Cieszkowska v. Gray Line New York, 295 F.3d 204, 206 (2d Cir. 2002) (affirming dismissal of complaint as duplicative despite plaintiff's raising new theory of national origin discrimination because "factual predicates of plaintiff's allegations in the first and second complaints involve[d] the same events concerning her employment, pay history, and termination," and therefore new claims could have been brought in prior action); Woods v. Dunlop Tire Corp., 972 F.2d 36, 40–41 (2d Cir. 1992) (holding that Title VII suit for discharge based on race and gender arose from same transaction as prior complaint seeking relief under Labor Management Relations Act for discharge in alleged violation of collective bargaining agreement); see also Northern Assurance Co. of Am. v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000) (observing that under principles of claim preclusion, claims arising out of same facts are barred "even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not" (internal quotation marks omitted)).

Davis nevertheless maintains that her FCA complaint should not have been dismissed because she could not have amended her Title VII complaint to add an FCA claim before the October 7, 2011 amendment deadline. Specifically, Davis asserts that she did not discover that Norwalk management had engaged in conduct prohibited by the FCA until March 2012. Although claim preclusion "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit," Curtis v.

4

Citibank, N.A., 226 F.3d at 139, this argument is not available to Davis because an FCA retaliation cause of action accrues "when the retaliatory action occurs," see Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson, 545 U.S. 409, 419 (2005), not when a plaintiff discovers additional evidence of a prohibited motivation. Here, the alleged adverse employment actions resulting from Davis's complaint of misappropriation of government funds concluded with her termination on August 20, 2010, which occurred over a year before the October 7, 2011 deadline to amend her Title VII complaint, and more than a year and a half before the filing of her subsequent FCA complaint. In light of the ample time Davis had to assert her FCA retaliation claim, we identify no error in the district court's determination that Davis's second filing was an attempt to avoid the consequences of delay in amending her initial complaint.[1] Nor do we identify abuse of discretion in its dismissal of the second complaint as duplicative.

We have considered Davis's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] The day after the district court dismissed her complaint, Davis filed a motion to amend her complaint in the first suit to add her FCA cause of action. The district court denied the motion for failure to show "good cause" required by Fed. R. Civ. P. 16. Because this decision is not currently before us, we need not decide whether the district court should have permitted Davis to amend the complaint.

5