**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3205
_____

UNITED STATES OF AMERICA EX REL,
EHAB SEFEN

v.

ANIMAS CORPORATION; JOHNSON AND JOHNSON

Ehab Sefen,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-02971)
District Judge:  Honorable Richard Barclay Surrick
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 19, 2015

Before:  McKEE, *Chief Judge*, RENDELL, and FUENTES, *Circuit Judges*.

(Opinion filed: April 13, 2015)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Chief Judge*.

Appellant Ehab Sefen ("Sefen") appeals the District Court's grant of Defendants

Animas Corporation and Johnson & Johnson's (collectively "Animas") Motion to

Dismiss. For the reasons that follow, we will affirm.[1]

**I.**

Prior to July 21, 2010, the False Claims Act (FCA) did not contain an explicit

limitations period for retaliation claims brought under Section 3730(h). Thus, the

Supreme Court held that "[t]he most closely analogous state limitations period applies."

*Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 411

(2005). Courts within this Circuit have looked to two different Pennsylvania borrowing

statutes. In *United States ex rel. Repko v. Guthrie Clinic, P.C.*, a district court applied

Pennsylvania's Whistleblower law, 43 Pa. Cons. Stat. § 1424, which has a 180-day

limitations period. 557 F. Supp. 2d 522, 528–29 (M.D. Pa. 2008). However, in *Campion

v. Northeast Utilities*, the same district court applied the two-year limitations period

based on Pennsylvania's catch-all personal injury statute, 42 Pa. Cons. Stat. § 5524(7).

598 F. Supp. 2d 638, 653 (M.D. Pa. 2009).

---

[1] We have jurisdiction over this matter pursuant to 28 U.S.C.A. § 1291. We review a
district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) de
novo. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).
    We also exercise plenary review where a district court's dismissal is on statute of
limitations grounds. *Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir. 2000). "This plenary
review extends to the District Court's choice and interpretation of applicable tolling
principles . . . ." *Id.*

Since Sefen did not bring his retaliation claim until November 18, 2010, regardless of which borrowing statute is applied, Sefen's claim is untimely under *Graham*. Further, even if the June 17, 2010 filing date of the initial complaint were used, Sefen's claim would *still* be untimely under both of the borrowing statutes. Recognizing this deficiency, Sefen relies on the Dodd-Frank Act, passed on July 21, 2010, which he claims should be retroactively applied.

The Dodd-Frank Act amended the FCA to add a three-year limitations period for retaliation claims brought under Section 3730(h). There is no mention in the Act of whether it is to apply retroactively.

A "presumption against retroactive legislation is deeply rooted in [Supreme Court] jurisprudence." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). "[T]he 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'" *Id.* (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 855 (1990) (Scalia, J., concurring)). Accordingly, we apply "this time-honored presumption unless Congress has clearly manifested its intent to the contrary." *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 946 (1997).

In his well-reasoned opinion, Judge Surrick applied the Supreme Court's two-part test under *Landgraf* and thoroughly explained why he was granting Animas's motion to dismiss. After determining that "there is an absence of clear and unambiguous guidance from Congress regarding retroactivity," Judge Surrick moved to the second prong of the *Landgraf* analysis. (J.A. 10–11.) In his analysis of the second prong, Judge Surrick

3

found that "imposing a longer statute of limitations indisputably increases [Animas's] liability for past conduct." (J.A. 11–12.) In so finding, Judge Surrick relied on our opinion in *Lieberman v. Cambridge Partners, L.L.C.*, which provides that "the resurrection of previously time-barred claims 'increase[s] a party's liability' by abolishing a complete defense to suit." 432 F.3d 482, 492 (3d Cir. 2005) (quoting *Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.*, 391 F.3d 401, 409–10 (2d Cir. 2004)).

Judge Surrick found that, because "[b]oth state limitations periods had already elapsed when [Sefen]'s claim was filed," any retroactive application "would revive a moribund cause of action, increasing a party's liability for past conduct." (J.A. 14.) Thus, absent congressional intent for the statute to apply retroactively, Judge Surrick found the court "compelled to conclude that [Sefen] cannot claim the benefit of the post-amendment version of Section 3730(h)." (*Id.*) We agree. [2]

---

[2] Sefen's principal argument on appeal is that the Dodd-Frank Act implemented a "procedural, not substantive" change, and thus "it is appropriate to apply the three year statute of limitations." (Appellant's Br. 10.) However, Animas correctly points out in its brief that this argument was explicitly rejected by the Supreme Court in *Hughes Aircraft Co. v. U.S. ex rel. Schumer*. In *Hughes*, the respondent claimed that an amendment was purely jurisdictional, and thus the *Landgraf* presumption against retroactivity was inapplicable. The Supreme Court rejected this argument and explained:

> Statutes merely addressing *which* court shall have jurisdiction to entertain a particular cause of action can fairly be said merely to regulate the secondary conduct of litigation and not the underlying primary conduct of the parties. Such statutes affect only *where* a suit may be brought, not *whether* it may be brought at all. The 1986 amendment, however, does not merely allocate jurisdiction among forums. Rather, it *creates* jurisdiction where none previously existed; it thus speaks not just to the power of a particular court but to the substantive rights of the parties as well. Such a

4

Accordingly, we will affirm substantially for the reasons set forth in the aforementioned opinion of the District Court. As we find Sefen's retaliation claim time-barred, we decline to consider whether Sefen stated a claim upon which relief could be granted under Rule 12(b)(6).

## IIII.

In light of the above, we will affirm the District Court's grant of the motion to dismiss in favor of Animas.

---

statute, even though phrased in "jurisdictional" terms, is as much subject to our presumption against retroactivity as any other.

*Hughes*, 520 U.S. at 950–51 (internal citations omitted). The Dodd-Frank Act is sufficiently analogous to the amendment in *Hughes*. Thus, we reject this argument as well.