Bond v. Connecticut Board of Nursing

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> > Circuit Judges.

_____

PAMELA BOND,

> Plaintiff-Appellant,

> v.                                             15-264

CONNECTICUT BOARD OF NURSING, et al.,

> Defendants-Appellees.

_____


FOR PLAINTIFF-APPELLANT:     Pamela Bond, pro se, Fogelsville, Pennsylvania.

**FOR DEFENDANTS-APPELLEES:** No Brief

Appeal from a judgment of the United States District Court for the District of Connecticut (Garfinkel, *M.J.*; Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Pamela Bond, pro se, appeals the district court's sua sponte dismissal of her complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint pursuant to § 1915(e)(2). <u>Zaleski v. Burns</u>, 606 F.3d 51, 52 (2d Cir. 2010). Upon such review, we conclude that the district court correctly dismissed Bond's complaint.

1. Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, are time-barred. Plaintiff alleges defendants failed to renew her nursing license in 2009. She further alleges that she wrote to Governor

Jodi Rell in 2010 complaining about the alleged discrimination, and that Defendant Cordero responded in April 2010 on behalf of the Governor. No acts by any defendant are alleged to have taken place after April 2010. The complaint was not filed until August 2014, more than four years later. When a federal statute does not expressly supply a statute of limitations period, federal courts look to similar provisions of state law. See Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson, 545 U.S. 409, 414 (2005) ("To determine the applicable statute of limitations for a cause of action created by a federal statute, we first ask whether the statute expressly supplies a limitations period. If it does not, we generally 'borrow' the most closely analogous state limitations period."). The district court did not err in applying Connecticut's three-year personal injury statute of limitations to Bond's ADA and Rehabilitation Act claims. See, e.g., Duprey v. Conn. Dep't of Motor Vehicles, 191 F.R.D. 329, 341 (D. Conn. 2000) (ADA); Lee v. Dep't of Children & Families, 939 F. Supp. 2d 160, 171 (D. Conn. 2013) (Rehabilitation Act).

2. Plaintiff also seems to allege violations of the Health Insurance Portability and Accountability Act ("HIPAA"),

3

42 U.S.C. §§ 1320d *et seq.*[1]  It is doubtful that HIPAA provides a private cause of action at all;[2] but we need not decide the issue because any private cause of action that may exist under HIPAA would not have a longer statute of limitations than either the ADA or Rehabilitation Act claims at issue here, which are time-barred.  Accordingly, Bond's HIPAA claims are time-barred as well.

    3.    The district court's denial of leave to amend was not reversible error because leave to amend would have been futile. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

---

1    Plaintiff's civil cover sheet indicates that the nature of the action is "other civil rights" and that one of her causes of action is under "HIPPA," which is an apparent misspelling of the common shorthand for HIPAA.  See Civil Cover Sheet, Civ. No. 14-1155 (D. Conn. filed on Aug. 11, 2014) [Dkt. No. 1-1].

2    The Circuits that have considered the issue agree that HIPAA creates no private right of action.  See Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); United States v. Streich, 560 F.3d 926, 935 (9th Cir. 2009); Acara v. Banks, 470 F.3d 569, 570-71 (5th Cir. 2006); see also Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am., 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases across multiple circuits and district courts).

We have considered all of Bond's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk