19-3732, 19-3820
*Meadows v. United Services, Inc.*

# United States Court of Appeals
# For the Second Circuit

August Term 2019

Submitted: April 22, 2020
Decided: June 26, 2020

Nos. 19-3732, 19-3820

MICHAEL MATTHEW MEADOWS,

*Plaintiff-Appellant*,

*v.*

UNITED SERVICES, INC.,

*Defendant-Appellee.*

MICHAEL MATTHEW MEADOWS,

*Plaintiff-Appellant*,

*v.*

DAY KIMBALL HOSPITAL,

*Defendant-Appellee.*

Appeals from the United States District Court
for the District of Connecticut
Nos. 19-cv-1585, 19-cv-1586, Jeffrey Alker Meyer, *Judge*.

---

Before: CALABRESI, WESLEY, AND SULLIVAN, *Circuit Judges*.

Plaintiff-Appellant Michael Meadows, *pro se*, moves for *in forma pauperis* status, for the appointment of counsel, and for a "writ of certiorari" in connection with his appeals from the *sua sponte* dismissals of his suits against Defendants-Appellees United Services, Inc. and Day Kimball Hospital for alleged violations of his First and Ninth Amendment rights and the Health Insurance Portability and Accountability Act ("HIPAA"). The district court (Jeffrey Alker Meyer, *J.*) dismissed Meadows' suits, determining that he could not sue private actors for violating his constitutional rights and that HIPAA does not provide a private cause of action. We conclude that Meadows' appeals lack an arguable basis either in law or in fact and therefore dismiss the appeals and deny his motions. In reaching this determination, we hold that there is no private cause of action under HIPAA, express or implied.

APPEALS DISMISSED. MOTIONS DENIED.

> Michael Matthew Meadows, *pro se*, Putnam, Connecticut.

PER CURIAM:

Plaintiff-Appellant Michael Meadows, *pro se*, moves for *in forma pauperis* status, for the appointment of counsel, and for a "writ of certiorari" for this Court to review documents in the district court record in connection with his appeals from the *sua sponte* dismissals of his suits against Defendants-Appellees United Services, Inc. and Day Kimball Hospital (together, "Defendants"). Meadows

alleged that Defendants violated his First and Ninth Amendment rights and the Health Insurance Portability and Accountability Act ("HIPAA") by visiting his home to conduct a welfare check accompanied by police officers, sharing information about his mental health status, and "coercing" him to participate in an outpatient treatment program. The district court (Meyer, *J.*) dismissed Meadows' suits, determining that he could not sue private actors for violating his constitutional rights and that HIPAA does not provide a private cause of action. We conclude that Meadows' appeals lack an arguable basis either in law or in fact and therefore dismiss the appeals and deny his motions. In reaching this determination, we hold that there is no private right of action under HIPAA, express or implied.

## I. BACKGROUND

Meadows brought suit against Defendants claiming that they violated his First and Ninth Amendment rights, those rights established in the Constitution's preamble, and HIPAA in two separate but intertwined actions arising from Defendants' provision of mental health services to him. Meadows, who had been receiving outpatient behavioral health treatment at Day Kimball Hospital for over nine years, alleged that two United Services employees visited his home,

3

accompanied by two Putnam Police Department officers, to conduct a wellness check after Meadows sent "texts of poetry and story telling" to his brother and sister. Complaint at 6, *Meadows v. United Services, Inc.*, No. 19-cv-1586 (JAM) (D. Conn. Oct. 8, 2019). He maintains that United Services conducted this assessment without his permission and without explaining the reasons for it, displayed "extreme prejudice" toward him, and violated HIPAA by disclosing his protected health information ("PHI") to Day Kimball Hospital. *Id.* at 5. He also alleges that non-defendant individuals affiliated with Day Kimball Hospital "shared and acted upon illegally obtained PHI from United Service[s], Inc." Complaint at 4, *Meadows v. Day Kimball Hosp.*, No. 19-cv-1585 (JAM) (D. Conn. Oct. 8, 2019). According to Meadows, the disclosure of his PHI led to a nurse at Day Kimball Hospital's outpatient behavioral health program "coercing" his participation in a day treatment program. *Id.* at 9. Meadows further claims that Day Kimball Hospital did not allow him "to have [a] say in [his] medication continuation." *Id.* at 3.

The district court ordered Meadows to show cause why his suits should not be dismissed, explaining that (1) Defendants appeared to be private actors and thus that they could not be sued for allegedly violating Meadows' constitutional

4

rights; and (2) there is no private cause of action under HIPAA. Meadows responded but did not address the district court's concerns; he instead largely repeated the allegations in his complaints and attached a brief setting forth his contentions in greater detail. The district court dismissed the cases, reasoning that Meadows' responses failed to address why dismissal was not warranted or demonstrate how the complaints alleged facts that gave rise to plausible grounds for relief.

Meadows timely appealed the dismissals and now moves for *in forma pauperis* status, for the appointment of counsel, and for a "writ of certiorari" for this Court to review documents in the district court record.

## II. DISCUSSION

We review *de novo* "a district court's *sua sponte* dismissal of a complaint for failure to state a claim." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

5

We have inherent authority to dismiss an appeal "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## A. Meadows Fails to Plausibly Allege that Defendants Engaged in State Action

Although Meadows, proceeding *pro se*, does not mention the authority under which he seeks damages from Defendants, the Court construes his constitutional claims to be made under 42 U.S.C. § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted). "A plaintiff pressing a claim of [a] violation of his constitutional rights under § 1983 is thus required to show state action." *Id.* (internal quotation marks omitted). "State action requires *both* . . . the exercise of some right or privilege created by the State . . . *and*" the involvement of "a person who may fairly be said to be a state actor." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and brackets omitted).

Meadows' § 1983 claims fail because he does not plausibly allege that Defendants engaged in state action. Put simply, none of the conduct that

6

Meadows pleads is "fairly attributable to the state." *Fabrikant*, 691 F.3d at 207 (internal quotation marks omitted). First, though Meadows does assert that two police officers accompanied the United Services employees who came to his home to conduct a welfare check, the mere fact that a private actor received police assistance is not sufficient to transform that private actor's conduct into state action for § 1983 purposes. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) (explaining that a legitimate request for assistance does not render a private actor "jointly engaged" in law enforcement conduct). Second, while Meadows claims that Defendants coerced him into participating in an outpatient treatment program, he pleads no facts that would establish that Defendants' conduct amounted to state action. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229–31 (2d Cir. 2014) (holding that a private hospital's involuntary commitment of a patient was not state action, even though the hospital received state funding and was subject to extensive state regulation).

Accordingly, because Meadows cannot raise a non-frivolous argument on appeal that Defendants violated his constitutional rights under § 1983, we dismiss Meadows' appeals of the district court's *sua sponte* dismissals of those claims.

7

## B. There Is No Private Cause of Action Under HIPAA

Meadows alleges that Defendants violated HIPAA by sharing his PHI. Whether Meadows may assert these claims depends on whether there is a private cause of action under HIPAA. Although we have not addressed this issue in a precedential decision, *see Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 n.2 (2d Cir. 2015), all other circuits to have considered the question have held that there is no private cause of action under HIPAA, express or implied, *see Faber v. Ciox Health, LLC*, 944 F.3d 593, 596–97 (6th Cir. 2019); *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009); *Acara v. Banks*, 470 F.3d 569, 570–71 (5th Cir. 2006). We agree.

HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. But the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services. *Id.* § 1320d-5(a)(1). Nor does the statute *imply* a private cause of action. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017). By

8

delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create a private remedy. *See* 42 U.S.C. § 1320d-3, § 1320d-5; *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."). Accordingly, because HIPAA confers no private cause of action, express or implied, we must dismiss Meadows' claims.

## III. CONCLUSION

For the foregoing reasons, we DISMISS Meadows' appeals because they lack an arguable basis either in law or in fact, and DENY his motions to proceed *in forma pauperis*, for the appointment of counsel, and for a "writ of certiorari."