*Wang v. Ren*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MING EN WANG, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,

> *Plaintiff-Appellant*,

v.                                                            No. 20-4216

HAIYING REN, AKA MICHAEL REN, AKA MICHAEL CHEN,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | AARON SCHWEITZER (Tiffany Troy, *on the brief*), Troy Law, PLLC, Flushing, NY. |

**For Defendant-Appellee:**                    DAVID S. HALSBAND, Halsband
                                              Law Offices, Hackensack, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2017, Ming En Wang filed a putative class-action lawsuit in the Southern District of New York, which we refer to as *Wang I*, against his former employer, Yong Lee Inc. (d/b/a Spice Saigon); Spice Saigon's manager and sole shareholder, Jing Yang; and two unnamed defendants identified as John Doe and Jane Doe (collectively, the "*Wang I* Defendants") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York labor law. *See Wang v. Yong Lee Inc.*, No. 17-cv-9582 (JPO), 2022 WL 17756593, (S.D.N.Y. Dec. 19, 2022). Two weeks before trial was set to begin, Wang moved to amend his complaint to substitute Defendant John Doe with his former supervisor, Haiying Ren. The district court denied Wang's motion as untimely, noting that Wang had known Ren's identity for at least three months but nevertheless waited until the eve of trial to make the request. Rather than wait for a final judgment in *Wang I* from which to appeal the denial of leave to amend, Wang filed a separate, nearly

3

identical class-action lawsuit, naming only Ren as a defendant ("*Wang II*"). *Wang II* was assigned to the same district judge as *Wang I*, who dismissed *Wang II* as duplicative of the then-pending *Wang I*. Wang now appeals from the district court's dismissal of *Wang II*, arguing that the two suits are not, in fact, duplicative because they involve different defendants.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review for abuse of discretion a district court's decision to dismiss a suit as duplicative of another pending federal action. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (internal quotation marks omitted). This is because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 139. Like claim preclusion, the rule against duplicative litigation applies not only where there is identity, but also

---

[1] While Wang also spends considerable time arguing that the district court erred in denying his motion for leave to amend his complaint in *Wang I*, that decision is not currently before us. We therefore need not decide whether the district court abused its discretion in denying Wang's motion to add Ren as a defendant in *Wang I*. *See, e.g.*, *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 49 n.1 (2d Cir. 2013) (declining to decide whether the district court had properly denied plaintiff's motion to amend her complaint in an earlier lawsuit, where, as here, the plaintiff appealed from the dismissal of a second-filed suit).

where there is privity, between the parties in the first- and second-filed actions. *See Sacerdote*, 939 F.3d at 506. Whether a suit is duplicative of another action also depends on whether "the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit." *Curtis*, 226 F.3d at 139.

Here, the district court did not abuse its discretion in dismissing this action as duplicative of *Wang I*. For starters, both suits involve the same set of facts concerning the terms of Wang's employment at Spice Saigon, where he alleges (among other things) that he was neither paid the minimum wage nor compensated for overtime. The two suits assert substantially identical claims under the Fair Labor Standards Act and New York labor law. *Compare* App'x at 44–49 (*Wang I* claims), *with id.* at 190–96 (*Wang II* claims). And while it is true that the two suits name different defendants, there can be no doubt that Ren has a "sufficiently close relationship" with Spice Saigon and Jing Yang to meet the privity requirement. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks omitted). In his *Wang II* complaint, Wang alleges that Ren was the "boss" at Spice Saigon, App'x at 183, and as such, Ren was in privity with one or both of the *Wang I* Defendants. We have found privity in similar situations and see no reason to reach a different conclusion here. *See, e.g., Cho,*

5

991 F.3d at 170 (holding that the named defendant was in privity with defendants named in an earlier lawsuit where each represented the same company within the scope of his employment); *Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810, 812 (2d Cir. 2020) (concluding that employees of the Rochester City School District were in privity with their employer).

Wang does not dispute any of these facts. Instead, he argues, in essence, that in a joint employer FLSA action a plaintiff who is unhappy with a district court's denial of an eleventh-hour motion to add a defendant has an unfettered right to bring a new action against that very defendant, effectively neutralizing the district court's ruling on the motion to amend. That, of course, is not the law. *See Sacerdote*, 939 F.3d at 505 (holding that the rule against duplicative litigation can be raised to "bar one of two suits that are both still pending"). Contrary to Wang's assertion, he had a "choice [other than] filing *Wang II*." Wang Br. at 10. Wang was – and perhaps still is – free to challenge the district court's denial of his motion to amend from the final judgment in *Wang I*. *See, e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (reviewing district court's decision denying plaintiff leave to amend for abuse of discretion). Were he to avail himself of that avenue for relief – and prevail – he would have the opportunity to bring his claims against Ren as part of *Wang I*. But he is not entitled to engineer an

end-run around the district court's ruling in *Wang I* by filing a virtually identical complaint just days after the district court had indicated from the bench that it would deny the motion to amend.   For all these reasons, we conclude that the district court did not abuse its discretion in dismissing *Wang II* as duplicative of *Wang I*.[2]

We have considered Wang's remaining arguments and found them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] After Wang filed his notice of appeal in this matter, the jury in *Wang I* returned a verdict in Wang's favor.   That development, however, does not change our analysis, as the district court properly considered the then-pending actions under the rule prohibiting duplicative litigation, rather than claim preclusion.   *See Sacerdote*, 939 F.3d at 504 (explaining that the "difference between the rule against duplicative litigation and the doctrine of claim preclusion . . . is that the former can only be raised to bar one of two suits that are both still pending; the latter is generally raised[] after a prior suit is resolved on the merits" (footnote omitted)).

7