# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2012

No. 11-10155

Lyle W. Cayce
Clerk

MICHAEL RIDDLE,

Plaintiff - Appellant

v.

DYNCORP INTERNATIONAL INCORPORATED; AIMAN K. ZUREIKAT;
RICHARD C. CASHON,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before KING, JOLLY, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The appellant brought a retaliation action against his former employer
under the Federal False Claims Act 178 days after his termination. The district
court, applying a 90-day limitations period borrowed from Texas state law, held
that the appellant's suit was untimely. We REVERSE the district court's
judgment and REMAND the case for further proceedings.

I.

Michael Riddle once served as a senior employment manager for Dyncorp
International, Incorporated ("Dyncorp"). He alleges that Dyncorp contracted to
create a database for the United States government, but took no meaningful

No. 11-10155

steps toward fulfilling its obligations.  He further alleges that when he protested Dyncorp's inaction on the database project, he was marginalized at work and eventually terminated, on September 21, 2009.

Riddle filed a complaint against Dyncorp and three Dyncorp employees on March 18, 2010, asserting a retaliation claim under the Federal False Claims Act (the "FCA").  Dyncorp and two other defendants moved to dismiss the complaint, arguing that a 90-day limitations period, borrowed from a Texas statute, applied to Riddle's FCA claim, and that his complaint was therefore time-barred.  The district court granted the motion on August 19, 2010, and entered judgment the next day.  This appeal timely followed.

## II.

The FCA prohibits making fraudulent claims for payment to the United States.  31 U.S.C. § 3729(a).  To enforce this prohibition, the FCA creates a cause of action for any person retaliated against by his employer for attempting to prevent an FCA violation.  31 U.S.C. § 3730(h).  At the time Riddle filed his complaint, the FCA contained no statute of limitations for this cause of action. *See Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 422 (2005).  In the absence of an express limitations period, courts have applied the "most closely analogous state statute of limitations." *Id.*  The Supreme Court has indicated that the most closely analogous statute of limitations in Texas is likely either the period contained in the Texas Whistleblower Act (the "TWA") or the period applied to Texas personal injury claims. *See id.* at 419 n.3.

In dismissing the complaint, the district court applied the limitations period contained in the TWA, which creates a cause of action for public employees who are retaliated against for reporting unlawful conduct by their employer or other public employees.  TEX. GOV'T CODE ANN. § 554.002.  That limitations period is 90 days, starting from the retaliatory event. *Id.* § 554.005.

2

No. 11-10155

We review de novo the district court's dismissal on statute of limitations grounds. *United States ex. rel Mathews v. HealthSouth Corp.*, 332 F.3d 293, 294-95 (5th Cir. 2003).

A.

We begin with the relevant substantive provisions on which the district court based its analogy between the TWA and FCA. The FCA provides, in pertinent part:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1). The TWA provides as follows:

> A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

TEX. GOV'T CODE ANN. § 554.002(a).

The district court held that the TWA is the closest analogue to the FCA because, like the FCA, it protects whistleblowers from retaliation. The appellees contend that the FCA and TWA are analogous for this same reason, and also because they offer similar remedies—injunctions, damages, litigation costs, and attorney's fees. *Compare* 31 U.S.C. § 3730(h)(2) *with* TEX. GOV'T CODE ANN. § 554.003.

No. 11-10155

Although we acknowledge the similar purposes animating the TWA and FCA, the dissimilarities between the statutes are, ultimately, fatal to the district court's reasoning.

First, the TWA creates a cause of action available only to public employees. Riddle, who does not work in state or local government in Texas, could not bring an action under the TWA. This fact is especially noteworthy because the Texas Legislature has enacted numerous whistleblower statutes, the applicability of which depend on the status, specifically the employment field, of the whistleblower. *See Austin v. HealthTrust, Inc.—The Hosp. Co.*, 967 S.W.2d 400, 401-02 (Tex. 1998) (listing various Texas whistleblower statutes). In the light of Texas's status-based whistleblower regime, it makes no more sense to borrow from the statute for public employees than it would to borrow from the statute for hospital employees, physicians, nursing home employees, agricultural laborers, or handlers of hazardous chemicals. Each of these employment fields benefits from a different Texas whistleblower statute. *See id.* Riddle does not possess the status, that of public employee, that would make a TWA claim clearly analogous to his FCA claim, and the presence of many different whistleblower statutes further muddies the analogy.

Second, this defect in status is magnified by the provision requiring public employees to pursue an administrative remedy before suing under the TWA. The limitations period for a TWA action is often longer than 90 days because of the effect of required administrative proceedings. TEX. GOV'T CODE ANN. § 554.006. Before a public employee files a lawsuit based on the TWA, he must "initiate action under the grievance . . . procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action . . . ." *Id.* § 554.006(a). The running of the limitations period is suspended while the administrative proceedings are pending. *Id.* § 554.006(c). The administrative proceedings thus effectively

No. 11-10155

lengthen the limitations period. For Riddle, a private employee with no avenue to resolve his dispute administratively, the TWA's limitations period is a strict 90 days, whereas it is less strict for the people for whom the statute is intended. *See id.*

The appellees observe that not every municipality in Texas provides an administrative avenue for its employees to resolve disputes and, where none exists, the limitations period is 90 days. *See City of Colorado City v. Ponko*, 216 S.W.3d 924, 928 (Tex. App. 2007). We do not think that this fact saves the analogy between the TWA and FCA. Although the TWA's limitations period may be a strict 90 days in particular cases, that is not the ordinary case contemplated by the TWA's temporal scheme. Instead, the TWA on its face contemplates administrative remedies intervening to stop the running of its 90-day limitations period. *See* TEX. GOV'T CODE ANN. § 554.006 ("A public employee must initiate action under the grievance . . . procedures . . . . Time used by the employee in acting under the grievance . . . procedures is excluded . . . from the period established by Section 554.005."). We find the analogy between the TWA and FCA lacking.

We hold instead that the two-year period applied to personal injuries is the more closely analogous Texas statute of limitations. *See* TEX. CIV. PRAC & REM. CODE ANN. § 16.003. This statute of limitations is a better analogue because of its association with a particular type of wrongful discharge cause of action under Texas law. Texas, like many states, recognizes a cause of action for wrongful discharge where a person is terminated for refusing to commit an illegal act. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). This cause of action is governed by the two-year period for personal injuries. *See Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 79-80 (Tex. App. 1996) (analyzing a wrongful discharge claim under the two-year statute of limitations). Unlike the TWA, the *Sabine Pilot*-type cause of action is available to private employees and

No. 11-10155

its limitations period is not influenced by any administrative remedy process. Like the FCA, the *Sabine Pilot*-type cause of action protects law-abiding employees from retaliation from their law-breaking employers and superiors. We hold that it furnishes an appropriate analogy to the FCA, and that its two-year statute of limitations applies to the instant controversy.

B.

The parties do raise the question of whether the newly-enacted Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act") has an effect on this appeal. The Dodd-Frank Act, which creates a three-year statute of limitations for FCA retaliation actions, took effect July 22, 2010, four months after Riddle filed his complaint. Dodd-Frank Wall Street Reform & Consumer Protection Act, Pub. L. No. 111-203, § 4, 124 Stat. 1376, 1390 (2010). Riddle contends that this new statute of limitations applies to his claim, thus obviating the foregoing discussion of the most closely analogous Texas statute of limitations. We disagree.

Our precedent directs us to apply the statute of limitations that is in effect at the time a plaintiff files his complaint. *See United States v. Flores*, 135 F.3d 1000, 1003 (5th Cir. 1998); *St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 45 (5th Cir. 1995). We may sometimes apply a newly-enacted statute of limitations to a pending case, but not if the effect would be to revive a claim that expired before the statute's effective date. *FDIC v. Belli*, 981 F.2d 838, 842-43 (5th Cir. 1993).

Therefore, the question whether to apply the Dodd-Frank Act turns on whether Riddle's claim expired before July 22, 2010—the Dodd-Frank Act's effective date—a question which itself turns on the applicable Texas statute of limitations. If we had chosen the 90-day period, as the district court did, then Riddle's claim expired before the effective date of the Dodd-Frank Act. Because we have chosen the two-year period, Riddle's claim is actually timely under one

6

No. 11-10155

of two possible rationales: (1) because he filed his complaint within two years of his termination; or (2) because the Dodd-Frank Act applies, and he filed his complaint within three years of his termination. In any event, the dispositive issue on appeal is which Texas statute of limitations to apply, and we have resolved that issue in Riddle's favor.

### III.

Because Riddle filed his complaint within 178 days of his termination, he falls comfortably within either a two-year or three-year statute of limitations, and the district court erred in dismissing that complaint as time-barred. The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.

REVERSED and REMANDED.