# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2020

Lyle W. Cayce
Clerk

No. 19-20845

Jill Hill,

*Plaintiff—Appellant*,

*versus*

International Association of Machinists and
Aerospace Workers, AFL-CIO, IAMAW; United Airlines,
Inc.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:18-CV-4669

Before Dennis, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

After being fired from her job as a customer service representative
with United Airlines, Jill Hill sued United and her union. The district court
dismissed her claims and denied her motion to alter the judgment. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20845

I

Hill's employment was governed by a collective bargaining agreement (CBA) between United and her union, the International Association of Machinists and Aerospace Workers (the Union). The CBA is subject to the Railway Labor Act's requirements. *See* 45 U.S.C. §§ 181–82.

On October 17, 2017, United asked Hill to interview with a corporate security investigator and arranged for a Union representative to attend the meeting with her. The investigator asked Hill to disclose her relationship to several United customers. Hill provided the information and admitted she violated United's Waivers and Favors Policy by changing reservations for customers and failing to disclose that she had accepted free tickets to *Dancing with the Stars*. After the interview, United confiscated Hill's employee identification.

On November 1, 2017, United informed Hill that it was pursuing termination of her employment contract and instructed her to attend an investigatory review meeting on November 7. Before the meeting, Hill expressed concerns to the Union that United's handling of the October 17 interview violated the CBA. Specifically, she contended that United failed to provide her with written notice of the interview and did not allow her to consult with the Union representative before answering questions. The Union counseled Hill to remain passive on those issues at the investigatory review meeting. Hill also contended that serious personal issues and her desire to provide excellent customer service contributed to her policy violations. The Union did not press those points on her behalf at the review meeting. Instead, it requested a "last chance agreement," the last step in the CBA's progressive discipline regime.

Hill was terminated on December 7, 2017. She appealed, and a hearing was held on March 19, 2018. At the hearing, the Union presented Hill's

mitigating personal circumstances and again asked for a last chance agreement. On April 23, United notified the Union that Hill's appeal was denied and her termination was upheld. On June 21, the Union informed Hill that it would not take her claim to arbitration.

On December 11, 2018, Hill sued under the Railway Labor Act, alleging that United breached the CBA and that the Union breached its duty of fair representation by failing to grieve United's violations. The district court dismissed the claim against the Union as time barred, reasoning that the six-month statute of limitations began to run on November 16, 2017, when the deadline to file a grievance under the CBA for the alleged October 17 violations expired.[1] The court then dismissed the claim against United for lack of subject-matter jurisdiction because Railway Labor Act claims against employers must proceed before the National Railroad Adjustment Board unless they are bound up with claims against the union. *See Trial v. Atchison, Topeka & Santa Fe Ry. Co.*, 896 F.2d 120, 123 (5th Cir. 1990) (explaining jurisdiction under the Railway Labor Act). Final judgment was entered on September 19, 2019.

Hill moved to alter the judgment under Federal Rule of Civil Procedure 59(e). With the motion, she submitted a sworn declaration and multiple exhibits, including screenshots of her text messages and recordings of her phone calls with the Union. The district court denied the motion. Hill timely appealed.

---

[1] The district court also determined that Hill failed to adequately allege a violation of the duty of fair representation. Though the district court's order is not explicit that this was an alternative ruling, the parties accept that it was.

## II

We review dismissals based on the statute of limitations and for lack of subject-matter jurisdiction de novo. *Riddle v. Dyncorp Int'l, Inc.*, 666 F.3d 940, 942 (5th Cir. 2012); *Wooten v. Roach*, 964 F.3d 395, 402 (5th Cir. 2020). We review the denial of a Rule 59(e) motion for abuse of discretion. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020).

## III

Hill agrees that under normal circumstances the statute of limitations would begin to run on November 16, 2017. But she contends it was tolled in this case because the Union misled her about the grievance process. Hill concedes that she "did not explicitly request equitable tolling" before the district court. Instead, she argues that her "Rule 59(e) motion should be construed as a request for equitable tolling."

Hill's concession is fatal for two reasons. First, "arguments not raised before the district court are waived and will not be considered on appeal." *Celanese Corp. v. Martin K. Eby Constr. Co., Inc.*, 620 F.3d 529, 531 (5th Cir. 2010) (citation omitted). Second, Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued and cannot be used to argue a case under a new legal theory." *Id.* (citation and internal quotation marks omitted). Hill could have amended her complaint to make the necessary allegations. Alternatively, she could have raised tolling in her surreply to United's motion to dismiss. She admittedly did neither. The district court thus did not err in dismissing Hill's claim against the Union as time barred and did not abuse its discretion in denying her Rule 59(e) motion, which raised tolling, if at all, for the first time.

No. 19-20845

## IV

Hill's only challenge to the dismissal of her claim against United for lack of subject-matter jurisdiction is that it was based on the erroneous dismissal of her claim against the Union. Because the Union was properly dismissed, this argument fails.

AFFIRMED.